UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>JAMES K. BARR, et al.,<br><br>Defendants. | Case No. 16-cv-07395-JSC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT** |

Defendants James K. Barr and Judy A. Barr removed this unlawful detainer action to federal court. Defendants invoke federal subject matter jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Dkt. No. 1 at 2.) The Court ORDERS Defendants to show cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent

obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendants cite both federal question and diversity jurisdiction as bases for removal. As to federal question jurisdiction, the removed complaint makes only a state-law claim for unlawful detainer. It is unclear from the Notice of Removal what federal laws are or may be implicated. Further, as noted above, it is the complaint that must allege a cause of action based on federal law to confer federal jurisdiction, and Plaintiff's complaint does not do so. Any actual or anticipated defenses that Defendants plan to raise are not sufficient to establish federal jurisdiction. *Vaden*, 556 U.S. at 60.

Nor does diversity jurisdiction exist in this case. Plaintiff's unlawful detainer action was filed in superior court as a "limited" civil case amounting to less than $10,000 in controversy. (*See* Dkt. No. 1 at 17, 19.) As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a). In addition, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted). Here, the complaint alleges that Defendants reside at the subject property located in Alameda, California, and are therefore citizens of California. (Dkt. No. 1 at 17.) Indeed, in their notice of removal Defendants allege that they are California citizens. (*Id.* at 8.) As Defendants are "local," removal is improper on this basis as well.

In light of the foregoing, the Court ORDERS Defendants to SHOW CAUSE as to why this action should not be remanded to state court. Defendants shall respond to this Order in writing by **January 26, 2017**. Failure to respond will result in remand of this case to Alameda County Superior Court.

2

1
2 **IT IS SO ORDERED.**
3 Dated: January 11, 2017
4
5 _____
6 JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN EDRINGTON,

    Plaintiff,

  v.

JAMES K. BARR, et al.,

    Defendants.

Case No.  16-cv-07395-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James K. Barr
Judy A. Barr
1517 Court Street
Alameda, CA 94501

Dated: January 11, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY