UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDRINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES K. BARR, et al.,<br><br>  Defendants. | Case No. 16-cv-07395-JSC<br><br>**ORDER REMANDING CASE** |

Plaintiff brought this state law unlawful detainer action against Defendants James K. Barr and Judy A. Barr in the Superior Court of California for the County of Alameda. The Barr Defendants, representing themselves, removed this action from Alameda County Superior Court. (Dkt. No.1.) Given the lack of subject matter jurisdiction appearing on the face of the complaint, the Court ordered the Barr Defendants to show cause ("OSC") as to why this case should not be remanded. (Dkt. No. 3.) Although ordered to respond to the OSC by January 26, 2017, the Barr Defendants have failed to do so.

All parties have consented to magistrate judge jurisdiction (*see* Dkt. Nos. 5,6, 7), pursuant to 28 U.S.C. § 636(c). (*See* Dkt. Nos. 5, 6, 7.) For the reasons explained below, the Court REMANDS this case to Alameda County Superior Court.

**DISCUSSION**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under"

federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendants cite both federal question jurisdiction and diversity jurisdiction as bases for removal. As to federal question jurisdiction, the removed complaint makes only a state-law claim for unlawful detainer. It is unclear from the Notice of Removal what federal laws are or may be implicated. Further, as noted above, it is the complaint that must allege a cause of action based on federal law to confer federal jurisdiction, and Plaintiff's complaint does not do so. Any actual or anticipated defenses that Defendants plan to raise are not sufficient to establish federal jurisdiction. *Vaden*, 556 U.S. at 60.

Nor does diversity jurisdiction exist in this case. Plaintiff's unlawful detainer action was filed in superior court as a "limited" civil case amounting to less than $10,000 in controversy. (*See* Dkt. No. 1 at 17, 19.) As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a). In addition, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted). Here, the complaint alleges that Defendants reside at the subject property located in Alameda, California, and are therefore citizens of California. (Dkt. No. 1 at 17.) Indeed, in their notice of removal

Defendants allege that they are California citizens. (*Id.* at 8.) As Defendants are "local," removal is improper on this basis as well.

Given Defendants' failure to respond to the OSC regarding remand and the clear lack of subject matter jurisdiction on the face of the complaint, remand is required.

## CONCLUSION

Based on the foregoing, the Court REMANDS this case to Superior Court of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: February 2, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge